# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **TONY EDWARD SAVAGE**<br>101 Sunny Hill Court<br>Stafford, Virginia 22554<br><br>    Plaintiff,<br><br>    vs.<br><br>**THE DISTRICT OF COLUMBIA**<br>Mayor Vincent Gray<br>Executive Office of the Mayor,<br>350 Pennsylvania Avenue, NW, 3rd Floor Suite 316<br>Washington, DC 20004;<br><br>**LEONA BENNETT, DEPUTY WARDEN, DOC**<br>In her individual and official capacity<br>1394 Morris Road SE<br>Washington, DC 20002,<br><br>**MITCHELL FRANKS, ADMINISTRATOR,**<br>**DOC OFFICE OF HUMAN RESOURCES**<br>In his individual and official capacity<br>D.C. Department of Corrections<br>7807 Twin Stream Drive<br>Ellicott City, Maryland 21043, and<br><br>**THOMAS HOYE, INTERIM DIRECTOR, DOC**<br>In his individual and official capacity<br>D.C. Department of Corrections<br>2000 14th Street, NW, Seventh Floor<br>Washington, DC 20009<br><br>    Defendant(s) | Civil Action No.: 1:14-cv-00421-RJL<br><br>Judge Richard J. Leon |

## SECOND AMENDED COMPLAINT FOR DAMAGES

[Violation(s) of Americans With Disability Act
of 1990 (ADA) (42 U.S.C.A, 12101 et seq.)

and of the District of Columbia Human Rights
Act of 1997 (DCHRA) (DC Code 22-1401.01 et.seq.),
negligent failure to select, train and supervise,
and negligence)

1.Plaintiff asked consent to amend the complaint in the instant case of the defendants,
pursuant to Local Rule LCvR7. The defendants, through counsel, have consented to amendment.

2. Jurisdiction of the subject matter is afforded by a federal question pursuant to 28 USC Sec.
1331, specifically, a federal statute, the ADA (42 U.S.C.A, 12101 et seq.)

3.Subject Matter Jurisdiction is also afforded by diversity of parties, pursuant to 28 USC Sec.
1332 (a). The plaintiff resides in Virginia, while no defendant resides in that state, and the amount
in controversy is greater than $75,000.00.

4.Venue in this Court is proper pursuant to 28 USC 1391 since the tort(s) which are the
subject of the instant complaint occurred in the District of Columbia.

5.The parties:

Plaintiff Tony Savage resides in Stafford, Virginia.

Defendant District of Columbia is a municipal corporation, and is a sui juris entity,
responsible for the actions of its agencies and employees, in the instant case, the actions of the D.C.
Department of Corrections (hereinafter, DOC.)

Defendant Leona Bennett, Deputy Warden, Department of Corrections, 1394 Morris Road
SE, Washington, DC 20002,

Defendant Mitchell Franks, Administrator, D.C. Department of Corrections Office of Human Resources, 7807 Twin Stream Drive. Ellicott City, Maryland 21043, and,

Defendant Thomas Hoey, Interim Director, D.C. Department of Corrections, 2000 14th Street, NW, Seventh Floor , Washington, DC 20009

6.The instant action pertains to an unlawful denial of employment opportunity to the plaintiff by the DOC, an agency of the government of the District of Columbia, and by certain officials of the DOC; Leona Bennett, Deputy Warden of the DOC, Mitchell Franks, Administrator of the Office of Human Resources of the DOC, and Thomas Hoye, Interim Director of the DOC. This denial of employment opportunity was based upon the disability of the plaintiff, COPD, which requires that he work in an air conditioned workplace, and is impermissible, pursuant to 42 USC 12112 (a) and D.C. Code 2-1402.11 (a)(1). Ms. Bennett, Mr. Franks and Mr. Hoye are sued in both their official capacity, and in their individual capacity for their unlawful and discriminatory acts to deny employment to Plaintiff Savage.. (The titles and positions of these named individuals are those which they held at the time of the events which are the subject of this complaint.)

7.Plaintiff Tony Savage has exhausted his administrative remedies, having unsuccessfully petitioned for redress to the D.C. Office of Human Rights [DCHR Claim 12-0070-DC(cn)], and to the U.S. Equal Employment Opportunity Commission (EEOC Claim 10C-2012-00067)

8.Plaintiff Tony Savage, beginning on July 23, 1984, worked for the DOC, and beginning in 1985 was employed by the DOC as a document examiner, until he took early retirement in 2009. At the time of his retirement, Plaintiff Savage was a Document Examiner Grade 8, step 10. Taking

early retirement was an available prerogative of which Mr. Savage availed himself. It did not in any way make Mr. Savage ineligible for rehire.

9. Plaintiff had suffered from COPD since 2005, a permanent condition which constitutes a disability within the meaning of the ADA. Plaintiff has been advised by a physician that he is fit for employment provided his workplace is air conditioned. The requirement of an air conditioned workplace is a "reasonable accommodation" contemplated by 42 UCS 12112(b)(5)(A), and 42 USC 12112 (b) (5) (B) and by DC Code Sec. 2-1401.11 (c)(1), and its provision would not impose an undue burden upon the DOC. Prior to his retirement, plaintiff had made numerous communications with the DOC and various of its officials regarding accommodation for his disability.

10. During plaintiff Savage's employment, and thereafter, the DOC had recurring and ongoing problems with determining release dates for incarcerated persons. These problems were a consequence of various procedural weaknesses, but, also, of errors in computing time by document examiners. Over the course of his career with the DOC, Mr. Savage made numerous suggestions for improving the procedures in computing release dates for inmates, including suggestions to management personnel in the DOC, as well as letters to senior officials of the DC government. In addition, Mr. Savage's disability (COPD) obliged the DOC to make accommodations for his condition, specifically, employment in an air conditioned workplace.

11. On August 10, 2011, the Department of Corrections (DOC) posted an offer on the DC

Office of Personnel web-site, for recruitment of "several" DS 963 Series, Grade 6, Legal Instrument Examiner positions with promotion potential to Grade 7 and 8. Subsequently, the offering was reduced to a single position for a document Examiner.

12. On or about August 19, 2011, plaintiff applied for the announced positions, submitting the District of Columbia Government Employment Application (DC 2000).

13. A register of qualified applicants was prepared bearing two names. Mr. Savage was rated as highly qualified, as was another applicant. Mr. Savage is a college graduate, and his expertise as a Document Examiner is extensive and unchallenged. It would appear that, between himself and the other applicant for the advertised position, Mr. Savage was, by a wide margin, the best qualified for the position, and, therefore, would have been chosen.

14. In July, 2011, Ms. Leona Bennett, Deputy Warden, stated that she opposed consideration of Tony Savage for rehire at the DOC because of his disability.

15. Subsequently, on or about September 13, 2011, the employment offer was rescinded. The reason given was that a report, prepared by Glenn M. Jackson, an independent auditor, found that no increase in the number of document examiners were necessary. There was no such finding in said report. Previously, in March of 2011, Ms. Kathy Souverain, Correctional Program Specialist (Records), had argued that the problems with computing release dates was, in part, due to under staffing in the records office, specifically, having too few document examiners. Subsequently, a term employee was hired as a permanent grade 7 record examiner without advertising the position and

without further competition required pursuant to D.C. Personnel Regulations Chapter 8, Sec. 823.7. The grade 7 Document Examiner was, therefore, hired through a procedure which illegally excluded from the selection process, the public, that is, persons not then employed by the DOC, and most particularly, Tony Savage.

16. The term employee who was a selected was not actually working as a document examiner at the time she applied for the permanent position; rather she had been working as secretary to Ms. Carolyn Cross, at that time, Interim Deputy Director of Operations in the DOC. Inasmuch as she was hired as a permanent Document Examiner, at a senior level, and inasmuch as the job description prescribes that the duties of a regular Legal Instruments Examiner, this hire amounted to the addition of an employee to perform the duties which the report prepared by Glenn M. Jackson allegedly found was unnecessary. This hire, therefore, discredits the rationale for rescinding the job opening for which Mr. Savage had applied. The spurious rationale for not hiring plaintiff Savage is actionable under D.C. Code sec. 2-1402.11 (b) which specifically proscribes subterfuge to conceal unlawful discrimination in hiring, as well as under 42 USC 12112 (b) (3) (A), which proscribes utilizing standards, criteria, or *methods of administration* that have the effect of discrimination on the basis of disability.

17. The only way Mr. Savage's selection could have been avoided would have been to rescind the offer, and to hire a term employee for the position of senior Document Examiner through a procedure that illegally excluded Mr. Savage from consideration, which is what occurred. D.C. Personnel Regulations Chapter 8, Establishment and Termination of Registers, states that, "This section shall not preclude the appointment of an individual who was certified prior to the termination

of the register." Mr. Savage was therefore eligible for consideration for the position, but was not considered. (The qualifications of the term employee selected for the senior Document Examiner position are conspicuously inferior to Mr. Savage's qualifications.)

18. The decision to rescind the job offering was made by the late Carolyn Cross and Thomas Hoey, allegedly due to the audit report's finding that no additional Document Examiners were needed. Ms. Leona Bennett, having stated on or about July 27, 2011 that she opposed the hiring of the plaintiff due to his disability, and having a position of authority within the DOC, had a significant role in the decision not to hire the plaintiff. Mr. Mitchell Franks ordered the Human Resources staff to rescind the job offer. These three persons are liable for exceeding the scope of their official responsibilities to deny the plaintiff employment and are personally liable for compensatory and punitive damages. The District of Columbia is liable, for compensatory damages pursuant to 42 USC 12112(a) and to D.C. Code sec. 2-1402.11 (1) and Sec. 2-1402.11 (4) (b), and for negligently hiring, training and supervising these three persons.

19. This manipulation of hiring procedures to exclude Tony Savage from the selection process due to his disability is a violation of the District of Columbia Human Rights Act (DC Code 2-1401.01 et.seq.), and of the Americans With Disabilities Act.(42 U.S.C.A, 12111 et seq.), both of which make it illegal to deny employment opportunities to a qualified applicant because of a disability if that applicant can perform the duties with a reasonable accommodation for his disability. To the degree that the individual defendants exceeded the scope of their official responsibilities, and/or violated the law, plaintiff seeks compensatory and punitive damages against each said individual defendant, and compensatory damages, plus costs and attorneys' fees against the District

of Columbia for discrimination in denying employment to the plaintiff, in violation of 42 USC (a) and to D.C. Code sec. 2-1402.11 (1) and Sec.. 2-1402.11 (4) (b),  as well as  for the negligent failure to select, train and supervise these officials .

20. Given the statement by Deputy Warden Leona Bennett, that she did not want to hire the plaintiff and the unusual, last minute recission, on spurious grounds, of the job offer, after two applicants had been rated, and a register had been prepared, and the subsequent hire of a less qualified applicant, in a procedure that illegally excluded other applicants, the only reasonable inference is that these manipulations of the hiring process were for the purpose of avoiding the hiring of the plaintiff, Tony Savage. This constitutes unlawful discrimination in hiring, prohibited by 42 USC 12112(a), and by D.C. Code sec. 2-1402.11 (1) and Sec.. 2-1402.11 (4) (b)..

21. Damages for past injury:

Plaintiff demands pecuniary damages for wages and benefits that would have been earned over the period during which he would have been employed but for the unlawful discrimination based upon his disability. To this date, that amounts to three year's wages, or $180,000.00. In addition, plaintiff demands damages for the emotional distress caused by the recission of the employment opportunity, just at the moment plaintiff reasonably anticipated that he would begin employment, as well as the distress caused by the ensuing financial hardship, in the amount of $100,000.00.

22. Prospective damages:

Pursuant to 42 USC 12112(a) and to D.C. Code. Sec. 2-1401 et seq., Plaintiff asks the Court to enjoin the DOC to hire plaintiff in the capacity of Legal Instrument Examiner, Grade 7, the grade

of the position for which a term employee was hired immediately after the recission of the job opening for which plaintiff Savage had applied, or, in the alternative, for prospective damages in the amount of $1,000,000.00 (one million dollars.)

23. Damages from the individual defendants:

Plaintiff demands from each named individual defendant, Ms. Bennett, Mr. Franks, and Mr. Hoye, for unlawfully denying employment opportunity, and for exceeding the scope of their official responsibilities in their unlawful denial of employment opportunity, $100,000 in compensatory damages and $500,000 in punitive damages.

24. For negligence in hiring, training and supervising the three human defendants, the Plaintiff demands $500,000 in compensatory damages.

25. In addition, plaintiff asks the Court to enjoin the DOC from engaging in discrimination in hiring.

WHEREFORE, plaintiff Tony Savage demands the DOC be enjoined from engaging in discrimination in hiring, and compensatory damages as stated supra, equitable relief (injunction ordering his employment), plus costs and attorney fees.

Respectfully submitted,

John P. Father

John P. Fatherree, Esquire
D Street NW, Ste. 300
Washington, D.C. 20004
Telephone (202) 347-2777
(Jfatherree@aol.com

_____
Tyler J. King, Esquire
Franklin Square Law Group, DCPC
1225 I Street NW, Suite 601-A
Washington, D.C. 20005
Telephone (202) 779-9711
(Tylerjayking@gmail.com)

Attorneys for Plaintiff


## CERTIFICATE OF AMOUNT IN CONTROVERSY

Plaintiff tony Savage hereby certifies that the amount in controversy is greater than $75,000.00.

_____
John P. Fatherree, Esquire

_____
Tyler J. King, Esquire


## JURY DEMAND

Plaintiff demands trial by jury.

_____
John P. Fatherree, Esquire

_____
Tyler J. King, Esquire