UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TONY EDWARD SAVAGE,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 1:14-cv-00421 |
| : | |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| : | |
| Defendants. : | |

**DEFENDANTS MITCHELL FRANKS' ANSWER TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Mitchell Franks ("defendant"), by and through undersigned counsel, hereby answers the plaintiff's Second Amended Complaint ("Complaint") in the above captioned matter. Defendant asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief will be granted.

**SECOND DEFENSE**

Defendant states the following in response to the individual numbered paragraphs in the Complaint:

1. Admitted.

2. The allegations in paragraph two of the Complaint are legal conclusions to which no response is required. To the extent that a response is necessary, then defendant denies the allegations.

1

3. The allegations in paragraph three of the Complaint are legal conclusions to which no response is required. To the extent that a response is necessary, then defendant denies the allegations.

4. The allegations in paragraph four of the Complaint are legal conclusions to which no response is required. To the extent that a response is necessary, then defendant denies the allegations.

5. The allegations in paragraph five of the Complaint are legal conclusions to which no response is required. To the extent that a response is necessary, then defendant denies the allegations.

6. The allegations in paragraph six of the Complaint are legal conclusions to which no response is required. To the extent that a response is necessary, then defendant denies the allegations.

7. The allegations in paragraph seven of the Complaint are legal conclusions to which no response is required. To the extent that a response is necessary, then defendant denies the allegations.

8. The allegations in paragraph eight of the Complaint are legal conclusions to which no response is required. To the extent that a response is necessary, then defendant denies the allegations.

9. The allegations in paragraph nine of the Complaint are legal conclusions to which no response is required. To the extent that a response is necessary, then defendant denies the allegations.

10. The allegations in paragraph ten of the Complaint are legal conclusions to which no response is required. To the extent that a response is necessary, then defendant denies the allegations.

11. Defendant cannot admit or deny the allegations of paragraph eleven in the manner and form alleged. To the extent a response is necessary, defendant denies the allegations contained within paragraph eleven.

12. Defendant cannot admit or deny the allegations of paragraph twelve in the manner and form alleged. To the extent a response is necessary, defendant denies the allegations contained within paragraph twelve.

13. Defendant cannot admit or deny the allegations of paragraph thirteen in the manner and form alleged. To the extent a response is necessary, defendant denies the allegations contained within paragraph thirteen.

14. The defendant denies the allegations of paragraph fourteen.

15. The allegations in paragraph fifteen of the Complaint are legal conclusions to which no response is required. To the extent that a response is necessary, then defendant denies the allegations.

16. The allegations in paragraph sixteen of the Complaint are legal conclusions to which no response is required. To the extent that a response is necessary, then defendant denies the allegations.

17. The allegations in paragraph seventeen of the Complaint are legal conclusions to which no response is required. To the extent that a response is necessary, then defendant denies the allegations.

18. The defendant denies the allegations of paragraph eighteen.

19. The defendant denies the allegations of paragraph nineteen.

20. The defendant denies the allegations of paragraph twenty.

21. Defendant responds that the plaintiff is entitled to none of the relief and damages sought in paragraph twenty-one.

22. Defendant responds that the plaintiff is entitled to none of the relief and damages sought in paragraph twenty-two.

23. Defendant responds that the plaintiff is entitled to none of the relief and damages sought in paragraph twenty-three.

24. Defendant responds that the plaintiff is entitled to none of the relief and damages sought in paragraph twenty-four.

25. Defendant responds that the plaintiff is entitled to none of the relief and damages sought in paragraph twenty-five.

Defendant further responds that the plaintiff is entitled to none of the relief and damages sought in the Wherefore paragraph.

### THIRD DEFENSE

Plaintiff may have failed to exhaust his administrative remedies and may have failed to comply with other mandatory filing requirements.

### FOURTH DEFENSE

Plaintiff may have failed to timely file a grievance or otherwise failed to protect himself from the alleged conduct.

**FIFTH DEFENSE**

All actions taken by defendant relating to plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

**SIXTH DEFENSE**

Defendant did not discriminate or retaliate against plaintiff on the basis of his alleged disability.

**SEVENTH DEFENSE**

Plaintiff is or may not be disabled within the meaning of the Americans with Disabilities Act or the D.C. Human Rights Act.

**EIGHTH DEFENSE**

Plaintiff would have been subjected to the same employment action.

**NINTH DEFENSE**

Plaintiff may have failed to mitigate any damages that he may have incurred.

**TENTH DEFENSE**

Plaintiff may have failed to meet the applicable statute of limitations.

**ELEVENTH DEFENSE**

Further answering the Complaint, defendant denies all allegations not specifically admitted or otherwise answered, including allegations of disability discrimination or retaliation.

**TWELFTH DEFENSE**

The defendant denies all allegations of wrongdoing, including but not limited to violations of statutory law.

**THIRTEENTH DEFENSE**

Defendant's employment decisions were legitimate and non-discriminatory.

**FOURTEENTH DEFENSE**

This action may be barred by issue or claim preclusion, or not yet have accrued.

**FIFTEENTH DEFENSE**

Defendant exercised reasonable care to prevent and correct promptly any harassing behavior based upon sex.

**SIXTEENTH DEFENSE**

The plaintiff may have failed to comply fully with the mandatory notice requirements of D.C. Code §12-309.

**SEVENTEENTH DEFENSE**

Defendant reserves the right to amend his Answer to the Complaint and to raise any additional defenses that the evidence in discovery may reveal.

**REQUEST AND DEMAND FOR JURY TRIAL**

Defendant, by and through counsel, respectfully requests a jury trial in this matter.

**SET-OFF**

The District of Columbia asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance, or other sources.

WHEREFORE, Defendant prays the Court will dismiss the Complaint and award Defendant the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Dated: February 10, 2015

                Respectfully Submitted,

                KARL A. RACINE
                Attorney General for the
                District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


*/s/ Jonathan H. Pittman*
JONATHAN H. PITTMAN [430388]
Chief, Civil Litigation Division Section III

*/s/ Alex Karpinski*
ALEX KARPINSKI [982184]
Assistant Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C.  20001
alex.karpinski@dc.gov
(202) 442-9866