# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **TONY EDWARD SAVAGE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 1:14-cv-00421** |
| | : | |
| **DISTRICT OF COLUMBIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

_____

## DEFENDANT THOMAS HOEY'S ANSWER TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Thomas Hoey ("defendant"), by and through undersigned counsel, hereby answers the plaintiff's Second Amended Complaint ("Complaint") in the above captioned matter.  Defendant asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief will be granted.

### SECOND DEFENSE

Defendant states the following in response to the individual numbered paragraphs in the Complaint:

1. Admitted.

2. The allegations in paragraph two of the Complaint are legal conclusions to which no response is required.  To the extent that a response is necessary, then defendant denies the allegations.

3.   The allegations in paragraph three of the Complaint are legal conclusions to which no response is required.  To the extent that a response is necessary, then defendant denies the allegations.

4.   The allegations in paragraph four of the Complaint are legal conclusions to which no response is required.  To the extent that a response is necessary, then defendant denies the allegations.

5.   The allegations in paragraph five of the Complaint are legal conclusions to which no response is required.  To the extent that a response is necessary, then defendant denies the allegations.

6.   The allegations in paragraph six of the Complaint are legal conclusions to which no response is required.  To the extent that a response is necessary, then defendant denies the allegations.

7.   The allegations in paragraph seven of the Complaint are legal conclusions to which no response is required.  To the extent that a response is necessary, then defendant denies the allegations.

8.   The allegations in paragraph eight of the Complaint are legal conclusions to which no response is required.  To the extent that a response is necessary, then defendant denies the allegations.

9.   The allegations in paragraph nine of the Complaint are legal conclusions to which no response is required.  To the extent that a response is necessary, then defendant denies the allegations.

10. The allegations in paragraph ten of the Complaint are legal conclusions to which no response is required.  To the extent that a response is necessary, then defendant denies the allegations.

11. Defendant cannot admit or deny the allegations of paragraph eleven in the manner and form alleged.  To the extent a response is necessary, defendant denies the allegations contained within paragraph eleven.

12. Defendant cannot admit or deny the allegations of paragraph twelve in the manner and form alleged.  To the extent a response is necessary, defendant denies the allegations contained within paragraph twelve.

13.  Defendant cannot admit or deny the allegations of paragraph thirteen in the manner and form alleged.  To the extent a response is necessary, defendant denies the allegations contained within paragraph thirteen.

14. The defendant denies the allegations of paragraph fourteen.

15. The allegations in paragraph fifteen of the Complaint are legal conclusions to which no response is required.  To the extent that a response is necessary, then defendant denies the allegations.

16. The allegations in paragraph sixteen of the Complaint are legal conclusions to which no response is required.  To the extent that a response is necessary, then defendant denies the allegations.

17. The allegations in paragraph seventeen of the Complaint are legal conclusions to which no response is required.  To the extent that a response is necessary, then defendant denies the allegations.

18. The defendant denies the allegations of paragraph eighteen.

19.    The defendant denies the allegations of paragraph nineteen.

20. The defendant denies the allegations of paragraph twenty.

21. Defendant responds that the plaintiff is entitled to none of the relief and damages sought in paragraph twenty-one.

22. Defendant responds that the plaintiff is entitled to none of the relief and damages sought in paragraph twenty-two.

23. Defendant responds that the plaintiff is entitled to none of the relief and damages sought in paragraph twenty-three.

24. Defendant responds that the plaintiff is entitled to none of the relief and damages sought in paragraph twenty-four.

25. Defendant responds that the plaintiff is entitled to none of the relief and damages sought in paragraph twenty-five.

Defendant further responds that the plaintiff is entitled to none of the relief and damages sought in the Wherefore paragraph.

## THIRD DEFENSE

Plaintiff may have failed to exhaust his administrative remedies and may have failed to comply with other mandatory filing requirements.

## FOURTH DEFENSE

Plaintiff may have failed to timely file a grievance or otherwise failed to protect himself from the alleged conduct.

## FIFTH DEFENSE

All actions taken by defendant relating to plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

## SIXTH DEFENSE

Defendant did not discriminate or retaliate against plaintiff on the basis of his alleged disability.

## SEVENTH DEFENSE

Plaintiff is or may not be disabled within the meaning of the Americans with Disabilities Act or the D.C. Human Rights Act.

## EIGHTH DEFENSE

Plaintiff would have been subjected to the same employment action.

## NINTH DEFENSE

Plaintiff may have failed to mitigate any damages that he may have incurred.

## TENTH DEFENSE

Plaintiff may have failed to meet the applicable statute of limitations.

## ELEVENTH DEFENSE

Further answering the Complaint, defendant denies all allegations not specifically admitted or otherwise answered, including allegations of disability discrimination or retaliation.

## TWELFTH DEFENSE

The defendant denies all allegations of wrongdoing, including but not limited to violations of statutory law.

## THIRTEENTH DEFENSE

Defendant's employment decisions were legitimate and non-discriminatory.

## FOURTEENTH DEFENSE

This action may be barred by issue or claim preclusion, or not yet have accrued.

## FIFTEENTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any harassing behavior based upon sex.

## SIXTEENTH DEFENSE

The plaintiff may have failed to comply fully with the mandatory notice requirements of D.C. Code §12-309.

## SEVENTEENTH DEFENSE

Defendant reserves the right to amend his Answer to the Complaint and to raise any additional defenses that the evidence in discovery may reveal.

## REQUEST AND DEMAND FOR JURY TRIAL

Defendant, by and through counsel, respectfully requests a jury trial in this matter.

## SET-OFF

The District of Columbia asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance, or other sources.

WHEREFORE, Defendant prays the Court will dismiss the Complaint and award Defendant the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Dated: February 26, 2015

Respectfully Submitted,

KARL A. RACINE
Attorney General for the
District of Columbia

6

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Jonathan H. Pittman
 JONATHAN H. PITTMAN [430388]
 Chief, Civil Litigation Division Section III

/s/ Alex Karpinski
ALEX KARPINSKI [982184]
Assistant Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C.  20001
alex.karpinski@dc.gov
(202) 442-9866